UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ANGEL GARCIA,<br><br>    Plaintiff<br><br>v.<br><br>J. WEILAND, et al.,<br><br>    Defendants | Case No.: 3:21-cv-00356-MMD-CSD<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**<br><br>Re: ECF Nos. 18, 18-1 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for leave to file a first amended complaint (FAC) and proposed FAC. (ECF Nos. 18, 18-1.) Defendants filed a response. (ECF No. 23.) Plaintiff filed a reply. (ECF No. 25.)

For the reasons set forth below, the motion should be denied.

**I. BACKGROUND**

The court screened Plaintiff's original complaint and allowed him to proceed with: Eighth Amendment excessive force claims against Weiland, Johnson, Willhite[1], Kleer, Searle[2], Arozaga[3], Rigney, Reubart, and John Does 1 and 2; Eighth Amendment deliberate indifference

---
[1] Named by Plaintiff as Wilheit
[2] Named by Plaintiff as Sears
[3] Named by Plaintiff as Arizaga

to serious medical needs claims against Weiland, Johnson, Willhite, Kleer, Searle, Arozaga, Reubart, Rigney and John Doe 1.

Plaintiff alleges that following an assault on a staff member at Warm Springs Correctional Center (WSCC), Weiland and Johnson deliberately put handcuffs on Plaintiff too tightly. Plaintiff asked Weiland, Johnson, Willhite, Kleer, Searle, and John Doe 1 to loosen the handcuffs, but they refused. As a result, Plaintiff's hand swelled and caused him excruciating pain. Then, once Plaintiff arrived at Ely State Prison (ESP), he was slammed to the ground and taken to a cell where he was kicked and punched, all while restrained and not posing any danger to Defendants. Kleer, Arozaga, Weiland, Rigney, Johnson, and Reubart participated in or witnessed the use of force and failed to intervene. As Plaintiff was being escorted to his cell, John Doe 2 repeatedly kicked Plaintiff's hands, which were in restraints behind him. Plaintiff further alleges he asked Weiland, Johnson, Willhite, Kleer, Searle, Arozaga, Reubart, Rigney, and John Doe 1 for medical treatment, but they refused.

Gittere was dismissed without prejudice. Plaintiff's retaliation and verbal harassment claims were also dismissed. (ECF No. 6.)

Plaintiff now seeks leave to file a FAC.

**II. STANDARD**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

As such, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

The court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all

1  doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations
2  omitted). Allegations in pro se complaints are "held to less stringent standards than formal
3  pleadings drafted by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks
4  and citation omitted).

5       A complaint must contain more than a "formulaic recitation of the elements of a cause of
6  action," it must contain factual allegations sufficient to "raise a right to relief above the
7  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
8  must contain something more … than … a statement of facts that merely creates a suspicion [of]
9  a legally cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice &
10 Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts
11 to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556
12 U.S. 662, 678 (2009).

### III. DISCUSSION

14      Plaintiff's motion seeks to amend his complaint to include additional allegations and new
15 defendants: Tasheena Cooke, David Drummond, Ortiz-Gonzalez, Hernandez, Melinda Castro,
16 Charles Daniels, and provider Hanf or new provider Hicks.

**A. Claim 1**

18      A comparison of the original and proposed FAC reveals that Claim 1 is largely the same
19 save for new allegations in paragraphs 46-67. Plaintiff also references several individuals in
20 Claim 1 who are not listed in the caption or list of defendants in the FAC, and are not mentioned
21 in Plaintiff's motion for leave to amend: Brandon, Stubbs, Brown, and Martin.

22      Plaintiff appears to name Brandon in place of John Doe 2 from the original complaint.
23 (ECF No. 18-1 at 7 ¶¶ 35-37.)

Plaintiff alleges that Stubbs admitted to beating Plaintiff (ECF No. 18-1 at 8 ¶ 46); however, there are no other factual details about Stubb's alleged violation of Plaintiff's rights.

Plaintiff alleges that Brandon, Stubbs, and Brown were deliberately indifferent to his serious medical needs. However, he includes no factual allegations regarding *how* each of these defendants violated Plaintiff's rights in this regard. (ECF No. 18-1 at 8 ¶¶ 47, 48.) Moreover, with respect to Brandon, Plaintiff was allowed to proceed with a deliberate indifference to serious medical needs against John Doe 1, but *not* as to John Doe 2.

Plaintiff mentions that a medical provider, Martin, recommended treatment with an outside hand/nerve specialist, but Plaintiff never received any treatment. However, it is not clear whether Plaintiff intends to proceed against Martin as a defendant. Nor does Plaintiff include any factual allegations that Martin was involved in the denial of treatment by the specialist or otherwise denied him adequate medical care.

Plaintiff also includes broad allegations that he has been denied medical care for his hand and nerve pain (ECF No. 18-1 at 9 ¶ 53-55), but there are no factual allegations that implicate any particular defendant.

Next, it appears Plaintiff is attempting to revive his retaliation claim. In paragraph 46, Plaintiff alleges the Defendants beat him, tortured him, denied him medical care, harassed and humiliated him, and falsely wrote him up for charges for an incident in which he was not involved, and continue to retaliate against him "for civil suit with threats and damage to property[,] harassment[,] mail and false accusations." (ECF No. 18-1 at 8 ¶ 46.)

"Section 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Such a

claim consists of the following elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Jones*, 791 F.3d at 1035 (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Preliminarily, Plaintiff lumps all of the named Defendants together without clearly alleging what specific conduct each defendant undertook to retaliate against him. In addition, Plaintiff fails to include allegations that demonstrate any alleged adverse action was *because of* his protected conduct or that their conduct chilled his rights. Therefore, Plaintiff still does not state a colorable retaliation claim.

Finally, Claim 1 includes new allegations that "all prison officials" violated various rights, with references to the Eighth and Fourteenth Amendments, cruel and unusual punishment, medical care, equal protection, failing to perform the scope of their employment functions, various regulations and provisions of the Nevada Revised Statutes (NRS), and gross negligence. (ECF No. 18-1 at 9-10 ¶¶ 50, 56-64, 66.) Plaintiff does not include *facts* to demonstrate how a particular defendant violated his rights.

In sum, the court finds it is appropriate to substitute Brandon for John Doe 2 in the original complaint. However, Plaintiff has not set forth sufficient factual allegations to otherwise amend Claim 1.

**B. Claim 2**

Claim 2 also includes a variety of vague allegations that are not directed against any particular defendant and are devoid of a factual description of what each defendant did to violate

6

his rights. He also describes various injuries he has suffered without connecting them to a particular constitutional violation or a specific defendant. (ECF No. 18-1 at 14-16 ¶ 17-44.)

Where Plaintiff does reference a specific defendant, he does not include sufficient factual allegations to state a claim.

For example, Plaintiff repeats his allegation in Claim 2 that Stubbs admitted to beating him up due to his low inmate number, but Plaintiff provides no further factual details about this alleged beating. (ECF No. 18-1 at 15 ¶ 31.)

Plaintiff asserts that Arozaga, Rigney, and Weiland retaliated against him (ECF No. 18-1 at 14 ¶¶ 12, 15), but Plaintiff does not allege specifically *how* each Defendant retaliated against him. Nor does he make a factual connection between any alleged adverse action and his protected conduct.

Plaintiff alleges that Hernandez, Castro, Cooke, Drummond, and Reubart failed to take affirmative action in the face of obvious constitutional deprivations (ECF No. 18-1 at 14 ¶ 13). However, this is insufficient to state a claim against them. Not only is the allegation lacking any factual substance, but the fact that these individuals are in a supervisory position is not enough to give rise to liability. *See Lemire v. Cal. Dep't of Corr.*, 726 F.3d 1062, 1085 (9th Cir. 2013) (citations omitted); *Crowley v. Bannister,* 734 F.3d 967, 977 (9th Cir. 2013) (citations omitted); *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (en banc) (quoting *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989)).

In sum, Plaintiff does not state a claim for relief against any defendant in Claim 2.

**C. Additional Matters**

1    Plaintiff's FAC includes dismissed defendant Gittere, but Plaintiff did not correct the
2 deficiencies noted in the order screening the original complaint and he does not state a claim
3 against Gittere in the FAC.
4    Finally, Plaintiff's motion references Charles Daniels, Hanf and Hicks; however, the
5 FAC does not contain any specific factual allegations with respect to any of these individuals.
6 Therefore, Plaintiff does not state a claim against them.

### IV. RECOMMENDATION

8    IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING**
9 Plaintiff's motion for leave to file the FAC (ECF NO. 18); however, Brandon should be
10 substituted in place of John Doe 2 in the original complaint.
11   The Attorney General's Office should be directed to file a notice indicating whether or
12 not it will accept service for Brandon within **14 days** of any order adopting this Report and
13 Recommendation. If service cannot be accepted for Brandon, the Attorney General's Office
14 should be directed to file Brandon's last known address under seal, but not serve it on the inmate
15 Plaintiff.
16   The parties should be aware of the following:
17   1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to
18 this Report and Recommendation within fourteen days of being served with a copy of the Report
19 and Recommendation. These objections should be titled "Objections to Magistrate Judge's
20 Report and Recommendation" and should be accompanied by points and authorities for
21 consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

**IT IS SO ORDERED**.

Dated: September 22, 2022

_____
Craig S. Denney
United States Magistrate Judge