# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ANGEL GARCIA,

     Plaintiff

v.

MATHEW WILLHITE, et al.,

     Defendants

Case No.: 3:21-cv-00356-MMD-CSD

**Order**

Re: ECF Nos. 51, 69

Defendants and Plaintiff have filed motions for leave to file certain exhibits under seal in connection with Defendants' motion for summary judgment and Plaintiff's response to that motion. (ECF Nos. 51, 69.)

## I. STANDARD FOR SEALING

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right

of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct.*, *D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard and the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good

cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.*

The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, the parties seek to file exhibits under seal in connection with Defendants' motion for summary judgment and Plaintiff's response to that motion, which are unquestionably "more than tangentially related to the merits of a case." Therefore, the compelling reasons standard applies.

## II. DISCUSSION

**A. Defendants' Motion**

The records Defendants seek to file under seal include the institutional investigation detail report concerning the incidents at issue in this case, surveillance footage from a staff assault, Plaintiff's security threat group validation form, Plaintiff's relevant medical records and photographs taken of Plaintiff in February 2021. (ECF Nos. 52-1 to 52-6.) Defendants assert there is little need for public disclosure of this information as compared to the interest in preserving the confidentiality of private and sensitive institutional information. They cite the confidential nature of Plaintiff's records as well as the unique safety and security concerns presented in the prison context as justifying the sealing of these records from public view. (ECF No. 51.)

This court, and others within the Ninth Circuit, have recognized the need to protect medical privacy qualifies as a "compelling reason" for sealing records. *See, e.g., Moreno v.*

*Adamson,* No. 3:19-cv-0330-MMD-CLB, 2021 WL 76722 (De. Nev. Jan. 7, 2021); *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, No. 09-000545 SOM/BMK, 2010 WL4715793, at * 1-2 (D.  HI. Nov. 15, 2010); *Wilkins v. Ahern,* No. C 08-1084 MMC (PR), 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, No. CV-08-02381-PHX-FJM, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009). This is because a person's medical records contain sensitive and private information about their health. While a plaintiff puts certain aspects of his medical condition at issue when he files an action alleging deliberate indifference to a serious medical need under the Eighth Amendment, that does not mean the entirety of his medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public. In other words, the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records.

Defendants' Exhibit D (ECF No. 52-4) contains Plaintiff's sensitive health information, medical history, and treatment records. Balancing the need for the public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing these exhibits. Therefore, Defendants' motion is granted as to Exhibit D.

With respect to the remaining exhibits Defendants seek to file under seal, they only cite general safety and security concerns as well as confidentiality, without explaining *what* safety and security concerns are implicated if these exhibits are available to the public. Nor do they explain *how* any of these exhibits are confidential and should be excepted from the general rule

of public access. This is not sufficient to meet the compelling needs test. Therefore, Defendants' motion is denied as to Exhibits A, B, C, E, and F.

**B. Plaintiff's Motion**

Plaintiff seeks to seal Exhibits 3-11 of his response to Defendants' motion for summary judgment because they have been deemed confidential pursuant to the stipulated protective order between the parties. (ECF No. 69.)

Plaintiff's motion merely states that Plaintiff's Exhibits 3-11 are deemed confidential in accordance with the stipulated protective order. Deeming a document confidential under a stipulated protective order does not mean that it necessarily meets the compelling needs test required to seal a document from public access when filed in connection with a motion for summary judgment, particularly where Plaintiff provides *no* explanation of why each exhibit is confidential. Moreover, Plaintiff manually filed the videos that are Exhibits 6, 7, and 8 with the court, but it does not appear that Exhibits 3-5 or 9-11 were filed with the court. As such, Exhibits 3-5 and 9-11 are not before the court to seal even if Plaintiff did set forth compelling reasons.

### III. CONCLUSION

Defendants' motion (ECF No. 51) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to Exhibit D (ECF No. 52-4), which shall remain **SEALED**. The motion is **DENIED** as to Exhibits A (ECF No. 52-1), B (surveillance video manually filed with the court), C (ECF No. 52-3), E (ECF No. 52-5) and F (ECF No. 52-6), which the Clerk shall **UNSEAL**.

///

///

///

1      Plaintiff's motion (ECF No. 69) is **DENIED**.

2  **IT IS SO ORDERED**.

3  Dated: October 30, 2023

4

_____
Craig S. Denney
United States Magistrate Judge